ALEXANDER HOTOVITSKY

*v.*

LITTLE RUSSIAN GREEK CATHOLIC ST. PETER AND PAUL
CHURCH OF JERSEY CITY.

[Argued December 2d, 1910.   Decided March 8th, 1911.]

On appeal from a decree in chancery advised by Vice-Chancellor Garrison.

*Mr. Harry B. Brockhurst,* for the appellant.

*Mr. Herbert C. Gilson,* for the respondent.

PER CURIAM.

To a bill for relief the defendant filed a plea similar to that set out in our opinion in the case of *Ewald* v. *Ortynsky et al.,* decided at the present term. The case went to hearing upon the plea before Vice-Chancellor Garrison, and, after consideration, an order was advised by him that the plea be overruled, with costs. The order also reserved the right to the defendant to use the matter contained in its plea upon a motion to set aside the service of subpœna upon it, upon the payment of the costs of its plea, provided the motion was made within seven days from the date of the order. The order further provided that if the defendant failed to make that motion within the time limited, it might answer the complainant's bill within twenty days from that time, and if it failed to answer within such time, the bill of complaint should be taken as confessed against it. We think this order proper in all its parts. The inquiry when a case is heard upon a plea is substantially as if the complainant had demurred to the plea. If it is found to be bad, the proper practice is to overrule it. *Davison* v. *Johnson,* 16 *N. J. Eq.* (*1 C. E. Gr.*) *112.* The conclusion of the vice-chancellor that the plea was bad we concur

in for the reasons expressed in our opinion in *Ewald* v. *Ortynsky.* With the plea overruled the case showed a bill filed against the defendant, a subpœna issued against it, and a return of the writ showing service upon it. The sheriff's return is presumptive proof of the fact recited in it. The leave granted to the defendant to move to set aside the service on the ground that the return was untrue, in fact, was a privilege granted to it of which it could take advantage or not as it chose. On the overruling of the plea, unless the service was set aside, the defendant was required by the twenty-fourth section of the Chancery act (*P. L. 1902 p. 519*) to file its answer to the complainant's bill in twenty days thereafter, or submit to have the bill taken as confessed against it.

The defendant asks in its plea to be dismissed, with costs against the complainant. If the plea had been sustained, it would, presumably, have been entitled to them. The plea having been overruled, it is only fair that it should pay costs to the complainant.

The order appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, CONGDON—13.

*For reversal*—None.