ROBERT J. BLAIR, PLAINTIFF, v. PASQUALE VETRANO, DEFENDANT.

Argued January 16, 1934—Decided May 14, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the plaintiff, *C. Richard Allen.*

For the defendant, *William H. D. Cox.*

PER CURIAM.

This case arises out of an automobile accident. As the statute of limitations was about to run out, suit was begun and summons and complaint given to the sheriff of Hudson county for service. The sheriff by his deputy returned that he had made service on the defendant at his usual place of abode, 48 East Forty-ninth street, Bayonne, by leaving the papers with a member of his family over the age of fourteen. Several weeks later the sheriff, by another deputy, returned service on the defendant by leaving the papers at his usual place of abode at 46 East Forty-ninth street, Bayonne, with a member of his family over the age of fourteen, &c. It is claimed on this rule that the defendant did not live at either of these addresses and consequently that the service of the summons should be set aside. Several witnesses were examined at the taking of depositions and it may be said that the general trend of their testimony was in support of the rule to show cause. One was a brother of the defendant and the other his sister-in-law. Neither gave any definite testi-

mony as to where the defendant actually did live. As opposed to this we have the stipulation of counsel as follows:

"In 1931, defendant, Pasquale Vetrano, registered as the owner of an automobile, giving in his sworn statement his residence as 48 East Forty-ninth street, Bayonne, New Jersey; in 1932, said defendant again registered as the owner of an automobile, and in a sworn statement gave his residence as Main Highway, Flanders, N. J.; in 1933, said defendant registered for a driver's license, giving his residence under sworn statement as 48 East Forty-ninth street, Bayonne."

The sworn affidavit of the defendant filed with the motor vehicle department as the basis for the issue of an owner's license is, of course, evidential as against him. It is noticeable that he did not appear at the taking of the depositions, either as a party or as a witness, although it would seem that he was by law exempt from the service of process if not a resident of this state. *Michaelson* v. *Goldfarb,* 94 *N. J. L.* 352; 110 *Atl. Rep.* 710; *Brown* v. *Brown,* 112 *N. J. Eq.* 600; 165 *Atl. Rep.* 643. The returns by the sheriff are of course traversable, but we are clear that the defendant has failed to show their falsity in the face of his own sworn statement. Not only this, but the rule to show cause lacks the support of any affidavit on the files of this court. If the basic affidavit be not filed, or lost through the fault of the party or his attorney, the rule will be discharged as improvidently granted. *Cooper* v. *Galbraith,* 24 *N. J. L.* 219; *Peer* v. *Bloxham,* 82 *Id.* 289; 81 *Atl. Rep.* 659.

The rule to show cause will be discharged.