This matter comes before me on an application to set aside service of a subpoena in the above suit brought to foreclose a mortgage. The subpoena in question was directed to Philip G. Nessanbaum, one of the defendants.
The question involved was whether a substituted service was made on the said defendant by leaving a copy of the subpoena at the dwelling house or usual place of abode of the said defendant which is admitted to be, at the time the service was supposed to have been made, 153 West Thirty-second street, Bayonne, New Jersey. *Page 25 
I referred this matter to one of the special masters of this court, Thomas R. Armstrong, Esq., to take the testimony relative to the service and to report to me his findings. I have now received the report of Mr. Armstrong and have examined the testimony as well as the report. The master found that the defendant Philip G. Nessanbaum did not overcome the presumption of the service, as set out in the return of the sheriff, by evidence necessary to justify this court in setting the return aside. The deputy sheriff, who presumably served the subpoena and made the return, testified on direct examination that he made the service as shown by the return. On cross-examination he could not remember the person on whom service was made nor the details of the service although he knew the defendant and his brother on whom service is not questioned. There is also testimony which is contradicted, however, that the defendant discussed this matter with one of the witnesses after service was supposed to have been made on him and knew that the suit had been instituted against him. In order to set aside the service of a subpoena the evidence must be clear and convincing that the return is in fact false.
I have reached the conclusion that the master in this case correctly reported that such proof had not been made before him. I will, therefore, advise an order denying the relief asked for.