177 N.J. Super. 173 (1981)
425 A.2d 1084
EUGENE J. GARLEY, PLAINTIFF-RESPONDENT,
v.
JOHN A. WADDINGTON, DIRECTOR OF THE DIVISION OF MOTOR VEHICLES AND THE UNSATISFIED CLAIM AND JUDGMENT FUND BOARD, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued December 16, 1980.
Decided January 21, 1981.
*174 Before Judges MICHELS, ARD and FURMAN.
George W. Fisher, Deputy Attorney General, argued the cause for appellant (John J. Degnan, Attorney General of New Jersey, attorney; Erminie L. Conley, Assistant Attorney General, of counsel).
William G. Tauriello argued the cause for respondent.
The opinion of the court was delivered by MICHELS, P.J.A.D.
*175 Pursuant to leave of this court, defendants John A. Waddington, former Director of the New Jersey Division of Motor Vehicles (Director) and the Unsatisfied Claim and Judgment Fund Board (Board) appeal from a partial summary judgment of the Law Division in favor of plaintiff Eugene J. Garley (Garley) declaring a judgment recovered by Carol Haggerty against Garley, in her role as general administratrix and administratrix ad prosequendum of the estate of Robert E. Haggerty, Jr., to be null and void on the ground that service of process against him was invalid; and from an order of that court denying their motion to amend their answer to include additional affirmative defenses.
On February 14, 1965, a vehicle operated by Garley was involved in a head-on collision with another vehicle operated by John Harasts. As a result of the collision, David Koch and Robert Haggerty, two passengers in Garley's automobile, were fatally injured. Thereafter, civil suits were instituted by the representatives of the two decedents against Garley and Harasts.
On April 26, 1965, service of process in the Koch suit was made upon Garley by a deputy sheriff of Hudson County by leaving a true copy of the summons and complaint "at his usual place of abode 211 Cator Ave. Jersey City N.J. with a member of his family (father) ..." On May 18, 1965, service of process in the Haggerty case was made upon Garley by the same deputy sheriff by leaving a true copy of the summons and complaint "at his usual place of abode 211 Cator Ave. Jersey City N.J. with a member of the family (cousin) ..." Since Garley was an uninsured motorist at the time of the accident, the Fund was put on notice of the accident and, pursuant to the provisions of the Unsatisfied Claim and Judgment Fund Law, N.J.S.A. 39:6-66, assigned the investigation of said claims and representation of plaintiff in both suits to a Newark law firm. Subsequently, in March and April of 1968, consent judgments were respectively *176 entered against Garley in the Koch case for $6,000 and in the Haggerty case for $9,500. The judgments were paid by the Fund and thereafter, in accordance with N.J.S.A. 39:6-77, assigned to the Director. Garley remains liable to the Director on these judgments and they constitute a lien on his real property.
On August 16, 1979, approximately ten years after these judgments were recovered against Garley, he instituted this action, seeking a judicial declaration that the judgments in both the Koch and Haggerty suits were null and void on the grounds that: (1) service of process in both suits was defective, and (2) defendants negligently permitted both judgments to be entered and paid. In Count I of the complaint, which relates to the Koch suit, Garley alleged that, although the record indicates service of process of the complaint in the Koch suit was made on April 26, 1965 by leaving process with his father at 211 Cator Avenue in Jersey City, he did not reside at the Cator Avenue address at that time and was never informed by his parents of the service of any papers relating to the suit. He further asserted that, during the pendency of the Koch suit, he was never contacted by the attorneys retained by the Fund to represent him. In Count II, which relates to the Haggerty suit, Garley again alleged that, with respect to the record service of process upon his cousin at 211 Cator Avenue on May 18, 1965, he was not a resident of that address at that time nor did his cousin reside there. He also claimed that at no time during the pendency of the Haggerty suit was he contacted by the Fund attorneys.
Depositions established that on February 14, 1965, the date of the accident, Garley resided at his parents' home at 211 Cator Avenue, Jersey City, New Jersey. However, according to Garley's testimony, within three or four weeks after his release from the Jersey City Medical Center (where he was hospitalized for approximately six weeks for treatment of injuries sustained in the accident), he moved out of the 211 Cator Avenue residence and into his sister's home at 209 Garfield Avenue in Jersey City and then into rental premises at 211 Garfield Avenue. *177 Garley further testified that he did not notify the Division of Motor Vehicles of his change of address.
Garley also testified that subsequent to the accident, in addition to conversations that he had with an attorney retained for the defense of criminal charges which were pending against him as a result of the accident, he discussed the accident with an attorney or insurance investigator whose name he could not recall. According to Garley, the attorney or insurance investigator contacted him at his parents' residence at 211 Cator Avenue, advised him he had been assigned by the State to represent him and discussed the circumstances surrounding the accident for a period of 15 to 20 minutes. Nonetheless, Garley made no attempt thereafter to ascertain from the attorney or insurance investigator who contacted him, the status of these matters.
Garley moved for summary judgment, contending that the evidence conclusively established that he did not reside at 211 Cator Avenue at the time of service of process in either the Koch or Haggerty suits and that service of process in each suit was therefore defective. In support of that motion, Garley relied upon his own deposition and certification and upon the certified statements of his mother, father, two friends and an attorney. These certified statements generally assert that Garley moved out of the 211 Cator Avenue residence in April 1965 and that during the relevant time period no person other than Garley's brother was a member of the parents' household. Interestingly, in Garley's certification, he indicates that after leaving Cator Avenue he continued to use it as his address "for convenience and because it was the address the Division of Motor Vehicles had for him" and further, that, in a certified application for employment at American Telephone and Telegraph filled out in August 1965, Garley gave his address as Cator Avenue because he felt "it would reflect unfavorably to show too many changes of residence within a short period."
*178 Defendants also moved for summary judgment and for leave to amend their answers to assert additional affirmative defenses of estoppel, fraud, illegality and laches. In support of their summary judgment motion, as well as in opposition to Garley's motion, they filed with the trial court, a notice of proposed license suspension dated May 20, 1965 by the Division of Motor Vehicles which was directed to plaintiff at the 211 Cator Avenue address; Garley's responding correspondence dated May 28, 1965, in which he utilized the Cator Avenue address; a Division license collection order indicating a visit by an officer of the Division to Garley at 211 Cator Avenue on March 19, 1966, during the course of which Garley signed a statement to the effect that his driver's license had already been handed in; and Garley's employment application for American Telephone and Telegraph.
Following argument, the trial court denied Garley's motion for summary judgment with respect to the Koch suit (Count I) on the ground that a question of fact existed as to whether or not he was a resident of 211 Cator Avenue when service of process was made upon his father. However, the trial court granted Garley's motion with respect to the Haggerty suit (Count II) on the ground that, since the certifications of Garley's parents stated that no one other than the parents and Garley's brother lived at 211 Cator Avenue, service of process on a cousin at that address was invalid as a matter of law. The trial court thereupon denied defendants' cross-motion for summary judgment, and it also denied their motion to amend their answer on the ground that the motion was untimely because it was made after the pretrial conference. We granted defendants leave to appeal.
We are satisfied that the trial court did not mistakenly exercise its discretion by denying defendants' motion to amend their answer. The motion was made after the matter had been pretried, and therefore was too late. Beyond this, the defenses sought to be raised were irrelevant to the issue before the court. *179 The service of process upon Garley in each suit was either proper and valid, or it was improper and therefore the court did not acquire personal jurisdiction over Garley. The claimed defenses add nothing to this issue.
However, we are convinced that the trial court erred in granting summary judgment in favor of Garley with respect to the Second Count of the Complaint and vacating the judgment against him in the Haggerty suit. R. 4:46 permits a party to move for summary judgment at anytime. If the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact challenged, and the moving party is entitled to a judgment as a matter of law, summary judgment should be granted. R. 4:46-2. The moving party's burden in this regard is to exclude any reasonable doubt as to the existence of any genuine issue of material fact. All inferences of doubt are drawn against the moving party in favor of the opponent of the motion. Thus, the papers supporting the motion are closely scrutinized an the opposing papers indulgently treated. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 74-75 (1954); Brenner and Co. v. Perl, 72 N.J. Super. 160, 166 (App.Div. 1962). If there is the slightest doubt as to the existence of a material issue of fact, the motion should be denied. Linn v. Rand, 140 N.J. Super. 212, 216 (App.Div. 1976). See also United Advertising Corp. v. Metuchen, 35 N.J. 193, 195-196 (1961). Thus, in Ruvolo v. American Cas. Co., 39 N.J. 490 (1963), our Supreme Court summarized the standard governing the grant or denial of summary judgment, commenting:
* * * It is a matter of common knowledge that such judgments are to be granted with extreme caution. The moving papers and the pleadings are to be considered most favorably to the party opposing the motion. All doubts are to be resolved against the movant. It has been said on the federal scene (after whose rule our own is patterned) that a litigant has the right to trial where there is the slightest doubt as to the facts. Peckham v. Ronrico Corp., 171 F.2d 653, 657 (1 Cir. 1948); Doehler Metal Furniture Co. v. United States, 149 F.2d 130, 135 (2 Cir. 1945). If there is such a doubt it cannot be said the movant's case is unequivocally established or that palpably there is no genuine issue as to any material fact challenged. R.R. 4:58-3 [Id. at 499.]
*180 Considering the matter in this light, we are satisfied that the trial court erred in granting summary judgment in favor of Garley with respect to the Haggerty suit on the ground that the service of process was invalid.
R.R. 4:4-4(a) (now R. 4:4-4(a))[1], which was in effect at the time process was served in the Koch and Haggerty suits, provided that service of summons, writs and complaints was to be made as follows:
Upon an individual other than an infant or incompetent person, by delivering a copy of the summons and complaint to him personally; or by leaving a copy thereof at his dwelling house or usual place of abode with some competent member of his family of the age of 14 years or over than residing therein; or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on his behalf. [Emphasis supplied].
Here, the sheriff's return of service of process in the Haggerty suit, in pertinent part, reads:
Served the within Summons and Complaint ... on May 18, 1965 on Eugene Garley by leaving a true copy thereof at his usual place of abode 211 Cator Ave. Jersey City N.J. with a member of the family (cousin) whom I informed of the contents therein.
The sheriff's return facially indicates compliance with R.R. 4:4-4(a), and consequently is prima facie evidence that service of process upon Garley in the Haggerty suit was proper. The rule in this State is that a sheriff's return of service is part of the record and raises a presumption that the facts recited therein are true. While the presumption is rebuttable, it can be rebutted *181 only by clear and convincing evidence that the return is false. This rule was succinctly, but clearly, set forth in Goldfarb v. Roeger, 54 N.J. Super. 85, 89-90 (App.Div. 1959), as follows:
"There is conflict of authority on the question of the conclusiveness of a return of process, some authorities holding that it is conclusive between the parties as to all matters of which the return is evidence, whereas other authorities hold that it may be rebutted or impeached." 72 C.J.S. Process § 100, p. 1140. In this jurisdiction, it is settled that the strict English common-law rule does not prevail, and the sheriff's return is not conclusive. Sweeney v. Miner, 88 N.J.L. 361, 366 (E. &. A. 1915); C. & D. Building Corporation v. Griffithes, 109 N.J. Eq. 319, 323 (Ch. 1931); Atlantic Mortgage Co. v. Rosenfeld, 2 N.J. Misc. 861 (Ch. 1924). Although it is rebuttable, the sheriff's return is part of the record and raises a presumption that the facts as therein recited are true. Hotovitsky v. Little Russian Greek Catholic St. Peter & Paul Church, 78 N.J. Eq. 576, 577 (E. & A. 1911); Seymour v. Nessanbaum, 120 N.J. Eq. 24 (Ch. 1936) (set aside only on "clear and convincing" evidence that return is false); Blair v. Vetrano, 12 N.J. Misc. 462, 172 A. 604 (Sup.Ct. 1934) (evidence held insufficient); Vredenburgh v. Weidmann, supra, 14 N.J. Misc. [285] at page 287 (entitled to every presumption of its correctness); 5 Wigmore, Evidence (3d ed. 1940), § 1664(b), p. 652. Cf. N.J.S. 2A:15-24. It is generally held that the uncorroborated testimony of the defendant alone is not sufficient to impeach the return. 72 C.J.S. Process § 102b, p. 1145.
From our study of the pleadings and proofs submitted on the cross-motions for summary judgment, we find that different minds may come to different conclusions both as to whether Garley resided at the 211 Cator Avenue address, and whether a member of his family was properly served with process. Garley's proofs on these motions did no more than create genuine issues of material fact, thereby precluding the grant of summary judgment to either party.
Furthermore, even if we were to make the assumption that Garley's proof might be sufficiently clear and convincing to rebut or impeach the truth of the sheriff's statement that a "cousin" was served, they clearly were not sufficient to rebut the fact that another member of Garley's family, such as his brother, who resided at the 211 Cator Avenue address, might have accepted service for Garley, and that the reference to "cousin" was either a mistake by the deputy sheriff or a misrepresentation by the person accepting the service as to his relationship with Garley. In any event, we are satisfied that *182 Garley failed to exclude all reasonable doubt as to the existence of these material factual issues, thus mandating a plenary hearing.
Accordingly, the summary judgment in favor of Garley with respect to the Second Count (the Haggerty suit) is reversed.
NOTES
[1] R.R. 4:4-4(a) was amended to R. 4:4-4(a) on July 7, 1971. Thereafter, on July 14, 1972, paragraph (a) was further amended by substituting the term "household" for the term "family" to specify those persons with whom defendant resides who may accept service for him. As pointed out in Pressler, Current N.J. Court Rules, Comment, R. 4:4-4(a) (1981), the use of the less restrictive term "household" more clearly defines the intended scope of the rule, and includes all competent persons over fourteen years who make their home with the person to be served. However, even under the more restrictive term "family" contained in former R.R. 4:4-4(a), a cousin residing in the house of the person to be served was a proper person with whom to leave a copy of a summons and complaint. See Sullivan v. Walburn, 9 N.J. Misc. 280, 154 A. 617 (D.Ct. 1931). See also Kingsley v. Hawthorne Fabrics, Inc., 41 N.J. 521, 526-527 (1964).