NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3184-15T1

AURORA LOAN SERVICES, LLC,

 Plaintiff-Respondent,

v.

PEDRO L. PEREZ, his heirs, devisees
and personal representatives and his
successors in right, title and interest,
MRS. PEREZ, wife of PEDRO L. PEREZ,
her heirs, devisees, and personal
representatives,

 Defendants-Appellants,

and

CITIBANK and FEDERAL SAVINGS BANK,

 Defendants.
_________________________________________

 Submitted June 6, 2017 – Decided June 23, 2017

 Before Judges Fisher and Vernoia.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Bergen County,
 Docket No. F-4032-10.

 Pedro L. Perez, appellant pro se.

 Powers Kirn, LLC, attorneys for respondent
 (Michael B. McNeil, on the brief).
PER CURIAM

 Defendant Pedro L. Perez appeals a June 12, 2015 order denying

his motion to vacate a final judgment and invalidate a sheriff's

deed, and an August 7, 2015 order denying his motion for

reconsideration. We affirm.

 On September 10, 2004, defendant purchased property located

at 425 Greenwich Street in Bergenfield. He obtained financing for

the purchase from Ark Mortgage, Inc., and executed a note in Ark's

favor that was secured by a mortgage from defendant to Mortgage

Electronic Registration Systems, Inc., as Ark's nominee. Ark

assigned the mortgage to plaintiff Aurora Loan Services, LLC on

January 4, 2010, and the assignment was recorded in January 2010.

 Defendant defaulted under the note and mortgage by failing

to make a August 1, 2009 payment, and all subsequent payments.

Plaintiff forwarded to defendant a notice of intent to foreclose

in September 2009, and filed a foreclosure action on January 13,

2010. After defendant failed to respond to the complaint, default

was entered on April 6, 2010, and a final judgment and writ of

execution were entered on January 11, 2012. Plaintiff purchased

the property at a sheriff's sale and received a sheriff's deed

that was recorded on September 11, 2012.

 On April 22, 2015, defendant first appeared in the matter,

filing a motion to vacate the final judgment and void the sheriff's

 2 A-3184-15T1
deed. Defendant argued he was entitled to the relief because he

was never served with the complaint. The court denied defendant's

motion in a detailed written decision finding the request to vacate

the sheriff's deed was untimely under Rule 4:65-5, and that the

affidavit of service showed the complaint and summons were served

in 2010 in accordance with Rule 4:4-4(a)(1). The court determined

defendant failed to present clear and convincing evidence

rebutting the presumption of service which arose based on the

sworn affidavit of service, Garley v. Waddington, 177 N.J. Super.

173, 180-81 (App. Div. 1981), and entered a June 12, 2015 order

denying defendant's motion.

 Defendant filed a motion for reconsideration arguing

plaintiff did not have standing to bring the foreclosure action.

In another detailed written opinion, the court rejected

defendant's argument, noting he failed to demonstrate that the

court's June 12, 2015 order was based on a palpably incorrect or

irrational basis or that the court failed to consider or appreciate

probative or competent evidence. See R. 4:49-2; In re Estate of

Brown, 448 N.J. Super. 252, 268 (App. Div. 2017). The court also

found plaintiff had standing because it received and filed an

assignment of the mortgage prior to the filing of the complaint.

See Deutsche Bank Trust Co. Ams. v. Angeles, 428 N.J. Super. 315,

 3 A-3184-15T1
318 (App. Div. 2012). The court entered an August 7, 2015 order

denying defendant's motion.

 On appeal, defendant argues only that the court erred in

entering the orders because the evidence showed "a deviation from

the service of process rules," and that he otherwise presented

clear and convincing evidence rebutting the presumption of proper

service that arose from the affidavit of service showing service

of the summons and complaint in 2010.

 We find insufficient merit in defendant's contentions to

warrant a discussion in a written opinion, R. 2:11-3(e)(1)(E), and

affirm substantially for the reasons in Judge Menelaos W. Toskos's

well-reasoned June 12, 2015 and August 7, 2015 written decisions.

 Affirmed.

 4 A-3184-15T1