**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3824-17T1

U.S. BANK TRUST, N.A. as
Trustee for LSF9 Master
Participation Trust,

     Plaintiff-Respondent,

v.

THOMAS A. MAHER, MRS.
MAHER, JEAN MAHER, and
MR. MAHER,

     Defendants-Appellants,

and

BANK OF AMERICA, N.A., and
CHILTON MEMORIAL HOSPITAL,

     Defendants.

_____

Submitted January 16, 2019 – Decided February 4, 2019

Before Judges Currier and Mayer.

On appeal from Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. F-015104-17.

Thomas A. Maher and Jean Maher, appellants pro se.

Stern & Eisenberg, attorneys for respondent (Salvatore Carollo, on the brief).

PER CURIAM

Defendants Thomas A. Maher and Jean Maher appeal from a March 2, 2018 order denying their motion to vacate default judgment.[1] We affirm.

We recite the facts necessary to review the matter on appeal. On June 19, 2017, plaintiff U.S. Bank and Trust, N.A., as Trustee for LSF9 Master Participation Trust, filed a foreclosure complaint against defendants after they defaulted on their mortgage payment. In accordance with an affidavit filed by a private process server, defendants were served with the foreclosure complaint on June 20, 2017. Defendants failed to file a responsive pleading and, on August 3, 2017, default was entered. On that same date, plaintiff dismissed its claims against "Mr. Maher, unknown spouse of Jean Maher" and "Mrs. Maher,

---

[1] Defendants' amended notice of appeal is limited to the March 2, 2018 order. Defendants are not challenging the final judgment of foreclosure dated September 21, 2017.

unknown spouse of Thomas A. Maher" because plaintiff ascertained through personal service of the complaint that Thomas and Jean Maher were married.

A final judgment of foreclosure was entered on September 21, 2017. Defendants claimed to be unaware of the foreclosure action until October 2017, when they received notice of a sheriff's sale scheduled for December 4, 2017.[2]

On February 14, 2018, defendants filed a motion to vacate the sheriff's sale, vacate the default judgment, and dismiss the complaint. Plaintiff opposed the motion.

Defendants argued default judgment should be vacated in accordance with Rules 4:50-1(c), (d), and (f) and Rule 4:50-3. According to defendants, the default judgment was void for lack of personal service. Defendants also claimed the affidavit of service filed by the process server was false.

In an oral decision of March 1, 2018, the motion judge denied defendants' motion in its entirety. The judge concluded personal service of the foreclosure complaint was effectuated on June 20, 2017, and plaintiff complied with the court rules as defendants were served at the mortgaged property at 5:10 p.m. on that date. She also found service of the complaint was made "by a disinterested

---

[2]  At defendants' request, the December sheriff's sale was postponed. The sheriff's sale occurred on June 25, 2018.

A-3824-17T1

third party responsible to serve process," and the process server certified defendants were personally served. According to the affidavit of service of the process, Thomas A. Maher identified himself and then accepted service on behalf of himself and his wife, Jean.

The judge found defendants failed to set forth a meritorious defense or excusable neglect to vacate the default judgment under Rule 4:50-1. The judge, citing Deutsche Bank Nat'l Trust Co. v. Russo, 429 N.J. Super. 91 (App. Div. 2012), concluded defendants' argument that plaintiff lacked standing, asserted in the context of a post-judgment application, did not constitute a meritorious defense to a foreclosure complaint. The judge also rejected defendants' attempt to challenge the assignment of the mortgage, finding defendants lacked standing to raise such a challenge.

We review a trial court's decision to deny a motion to vacate default judgment under Rule 4:50-1 for an abuse of discretion. U.S. Bank Nat'l Ass'n v. Curcio, 444 N.J. Super. 94, 105 (App. Div. 2016). "The trial court's determination . . . warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). In accordance with Rule 4:50-1, a final judgment may be set aside due to "fraud . . . , misrepresentation, or other

misconduct of an adverse party," "the judgment or order is void," or "any other reason justifying relief from the operation of the judgment or order."

A motion to vacate a default judgment for lack of service is governed by Rule 4:50-1(d), which authorizes a court to relieve a party from a final judgment if "the judgment or order is void." Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425 (App. Div. 2003). "A default judgment will be considered void when a substantial deviation from service of process rules has occurred, casting reasonable doubt on proper notice." Ibid.

Determining the sufficiency of service of process is a question of proof. We have held that "uncorroborated testimony of the defendant alone is not sufficient" to reject the validity of the return of process. Goldfarb v. Roeger, 54 N.J. Super. 85, 90 (App. Div. 1959).

Rule 4:4-3 authorizes use of private process servers provided the person does not have an interest in the litigation. The presumption of correctness accorded to a sheriff's return of service extends to affidavits of service filed by disinterested persons responsible for the service of process. See Jameson, 363 N.J. Super. at 426.

Here, defendants submitted a self-serving affidavit, stating they were not properly served with the foreclosure complaint. Defendants' bald assertion is

insufficient to defeat the presumption accorded to the private process server's affidavit dated June 23, 2017. See Garley v. Waddington, 177 N.J. Super. 173, 180-81 (App. Div. 1981).

Defendants failed to provide any evidence refuting or challenging the process server's affidavit of service. The address for service of the foreclosure complaint is the mortgaged property where defendants lived. The affidavit of service also described the person who accepted service. Defendants never challenged the description of the individual served with the foreclosure complaint.

We also reject defendants' argument under Rule 4:50-1(c) and Rule 4:50-3 that plaintiff committed fraud or other misconduct when it dismissed claims against the "unknown spouses," causing defendants to believe no action was required to contest the foreclosure. Defendants' argument ignores plaintiff's continued service of all legal notices regarding the foreclosure action directed to defendants at the mortgaged property where they resided.

Defendants' remaining arguments regarding the assignment of the note and mortgage and plaintiff's standing to sue were not asserted until after the scheduling of a sheriff's sale. We have declined to disturb default judgments of foreclosure based on such challenges where defendants waited for a scheduled

6

sheriff's sale before presenting a timely defense. Russo, 429 N.J. Super. at 101-02; Deutsch Bank Trust Co. Americas v. Angeles, 428 N.J. Super. 315, 316, 319-20 (App. Div. 2012).

Despite defendants' belated assertion of certain defenses, we are satisfied plaintiff established standing based on an assignment of the mortgage that predated the filing of the foreclosure complaint. See Deutsche Bank Trust Co. v. Mitchell, 422 N.J. Super. 214, 224-225 (App. Div. 2011). Plaintiff held a valid assignment as of December 2015 and had proper standing when it filed the foreclosure complaint in June 2017.

Lastly, defendants failed to substantiate "any other reason justifying relief from the operation of the judgment or order" under Rule 4:50-1(f) to set aside the default judgment. Defendants set forth no circumstances demonstrating enforcement of the judgment is unjust, inequitable, or oppressive. See Guillaume, 209 N.J. at 484. Defendants' arguments are the same as those rejected by the trial judge and are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7                                                              A-3824-17T1