**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1787-19T3

WELLS FARGO BANK, N.A.,

     Plaintiff-Respondent,

v.

MOSHE BADOUCH,
MRS. MOSHE BADOUCH, his
wife,

     Defendants,

and

MAIMON BADUSH,

     Defendant-Appellant,

and

BANK OF AMERICA, N.A.,

     Defendant-Respondent.

_____

     Submitted December 15, 2020 – Decided January 07, 2021

     Before Judges Mawla and Natali.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-011303-18.

Maimon Badush, appellant pro se.

Reed Smith LLP, attorneys for respondent Wells Fargo Bank, N.A. (Henry F. Reichner, of counsel and on the brief; David G. Murphy, on the brief).

PER CURIAM

Defendant Maimon Badush appeals from a January 25, 2019 order denying his motion to vacate the entry of default, and a December 3, 2019 order entering a final judgment of foreclosure. After carefully reviewing the record and the applicable legal principles, we affirm.

I.

On January 17, 2003, defendant purchased property in Lakewood, New Jersey.[1] Approximately nine months later, defendant agreed to the terms of a note with Wachovia Bank, N.A. (Wachovia) for a $41,000 home equity line of credit with a twenty-year draw period. The note permitted defendant to "obtain [a]dvances from [his a]ccount during the [d]raw [p]eriod" and provided that he

_____

[1] Defendant purchased the property with the assistance of a purchase money mortgage that was refinanced and subsequently assigned to defendant Bank of America, N.A. Neither Bank of America nor defendant Moshe Badouch, identified in the complaint as having an interest in the property, have participated in this appeal.

would be deemed in default if he "fail[ed] to make [his] payments when they are due." The note also contained a voluntary termination clause stating defendant could "cancel [his a]ccount at any time by . . . sending [Wachovia] a signed letter requesting that [it] cancel [his a]ccount."

To secure the note, defendant simultaneously granted a mortgage to Wachovia.[2] The mortgage provided that if defendant breached any provision of the note, Wachovia reserved the right to declare "all of the sums secured . . . immediately due" and invoke "the power of sale." In 2010, Wachovia merged into plaintiff Wells Fargo Bank, N.A., and thereby assumed the mortgage.

On October 31, 2017, after defendant defaulted on the note, plaintiff sent defendant two notice of intention to foreclose letters in accordance with the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -68, "via certified mail, return receipt requested, and regular mail" at the Lakewood property and defendant's Brooklyn address that was on file with plaintiff.

---

[2] Prior to and subsequent to this note, defendant encumbered his Lakewood property with other mortgages or home equity lines of credit that were either discharged or are not subject to this appeal. We note that in 2004, defendant refinanced his purchase-money mortgage on the Lakewood property and used part of the proceeds to pay off $40,671.67 from his account balance with Wachovia. There is no indication in the record that defendant subsequently closed this account, however. Rather, as detailed infra, defendant continued to draw on the line of credit.

On May 7, 2018, plaintiff filed a foreclosure complaint alleging it was the holder of the note and demanding full payment of all amounts due plus interest. It also requested that the Lakewood property "be sold according to law to satisfy the amount due."

After defendant failed to respond to the complaint, plaintiff moved for entry of default under Rule 4:43-1, which the court granted on August 28, 2018. In support of its application, plaintiff's counsel's legal assistant certified that a private process server unsuccessfully attempted to serve defendant with the complaint at the Lakewood property. Plaintiff's investigator thereafter performed a "skip trace" and determined that defendant's mailing address was in Brooklyn, New York. Plaintiff also concluded that defendant could not "be personally served in the State of New Jersey."

The record contains an affidavit of service that establishes defendant was successfully served with the complaint on June 14, 2018, by leaving a copy with "Rachel – last name refused," a co-occupant at the Brooklyn residence. A second affidavit indicates defendant was successfully served a second time on July 13, 2018, by leaving a copy of the documents with "Mr. Badouch," another co-occupant of defendant's Brooklyn residence.

Over three months later, defendant filed a motion to vacate under Rule 4:43-3. In support of his application, defendant vaguely certified that he "learn[ed] of the [c]omplaint through mail solicitation, and [he] did not file an [a]nswer because [he] thought the [c]omplaint was inadvertently filed since it was not served on [him], and [p]laintiff voluntary[ily] dismissed [a] previous complaint[.]"

Defendant's proposed answer also contained general and boilerplate denials. He did, however, concede that he made payments on his mortgage "up to October 2017, and none thereafter." Despite paying plaintiff on the note for years, defendant nevertheless alleged that plaintiff lacked standing because it was not "the holder, assignee, the owner of the alleged original [n]ote and [m]ortgage, []or [the] possess[or of] merger documents" and it was "intentionally withholding the identity of the actual lender."

The court denied defendant's motion in a January 25, 2019 order and corresponding oral opinion. The court noted that defendant failed to establish good cause to vacate the entry of default as he failed to raise a meritorious defense. In this regard, the court found defendant was properly served both on June 24, 2018, and July 13, 2018, and noted a "sheriff's return of service is

5

presumed correct" unless rebutted by clear and convincing evidence, which the court found defendant failed to establish.

The court also rejected defendant's claim that the note was previously satisfied as defendant failed to cancel the note and as "a line of credit, . . . paying it off [previously] only ha[d] the effect of making the line of credit available again for withdrawal." Finally, the court found plaintiff had standing because the "note was merged into plaintiff and ratified by defendant as evidenced by [his] payment on the loan . . . for more than four years."

Plaintiff notified defendant on August 7, 2019, pursuant to the FFA, by regular and certified mail to the Lakewood property and the Brooklyn residence, informing him that it intended to move for entry of final judgment. On September 17, 2019, plaintiff moved for final judgment. In support, Keshia Monique James, plaintiff's "Vice President [of] Loan Documentation," submitted a certification of proof of amount due pursuant to Rule 4:64-2(b) that appended: 1) an amount due schedule, 2) a statement of amount due, 3) an interest schedule, and 4) a monthly statement history dating to January 2005. James certified she was "familiar with Wells Fargo's books and business records" and that the records were:

> made at or near the time by, or from information provided by, persons with knowledge of the activity

and transactions reflected in such records, and are kept in the course of business activity conducted regularly by Wells Fargo. It is the regular practice of Wells Fargo's mortgage servicing business to make these records.

In her certification, James also stated defendant's default remained uncured and that he owed $45,174.27. In this regard, the statement of amount due indicated defendant had an unpaid principal balance of $39,501.32, accrued interest of $5,664.28, and a late charge of $8.67 totaling $45,174.27. She also certified that plaintiff, "directly or through an agent, has possession of the [note]."

On October 17, 2019, defendant filed opposition to plaintiff's application for final judgment in which he sought to "fix the amount due to $0.00 and dismiss the [c]omplaint with prejudice." Defendant appended a "[p]artial [p]ayment [h]istory" that detailed his account transaction history from April 28, 2011 to July 10, 2017, and showed multiple payments and advances taken on the note during that period. Notably, the payment history stated that defendant last made a payment under the note on May 17, 2017, for $500, and that defendant had a remaining principal balance of $39,501.32 under the note.

Defendant also certified in conclusory fashion that documents relied upon by James were based on a "fabricated . . . payment history." Finally, despite

appending documentary evidence that showed a balance of $39,501.32 on the note, defendant stated he "did not make any advances prior to May 2011 or default[] after May 17, 2017[,]" because his "May 17, 2017 payment paid off the account."

In a November 8, 2019 order, the court denied defendant's motion and ordered that "[t]he previously filed default against the [d]efendant shall remain in effect and the matter shall remain with the Office of Foreclosure as an uncontested foreclosure." In its corresponding statement of reasons, the court concluded that "plaintiff ha[d] established its prima facie right to foreclose" because "plaintiff ha[d] provided proof of execution[,] . . . delivery of the mortgage, [and] default." The court noted plaintiff submitted a certification and corresponding competent business records that established plaintiff possessed the note, defendant had made payments to plaintiff, and "defendant's default remain[ed] uncured and . . . $45,174.27 [remained] due." Finally, the court found "[d]efendant ha[d] not offered any evidence to contradict" plaintiff's certifications.

The court issued final judgment on December 3, 2019. This appeal followed.

A-1787-19T3

## II.

On appeal, defendant raises a single point in which he argues the court abused its discretion in refusing to vacate the entry of default because he will be prejudiced and "the default [did not] result from culpable conduct" by him. He contends that he "did not know [about] the default" and had raised meritorious defenses of "default and pre-filing notice." He further argues that "[he] denied that he defaulted on the loan payment" and challenges plaintiff as the note holder and the amount due claiming again that he satisfied all outstanding obligations under the note in 2004. Finally, he maintains plaintiff "neglect[ed]" to give him appropriate pre-filing notice "to thwart reinstatement . . . [and] to make foreclosure more likely," and that "[p]laintiff provided no evidence of mailing." We reject all these arguments.

We review the denial of a motion to vacate default based upon an abuse of discretion standard. See U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). It is well-settled that "the requirements for setting aside a default under Rule 4:43-3 are less stringent than . . . those for setting aside an entry of default judgment under Rule 4:50-1." N.J. Mfr.'s Ins. Co. v. Prestige Health Grp., 406 N.J. Super. 354, 360 (App. Div. 2009) (citation omitted). Under Rule 4:43-3, a court may vacate the entry of default upon "good cause shown."

9

In considering whether good cause exists to vacate the entry of default, courts "typically cite three factors . . . [w]hether the default was willful or culpable; [w]hether granting relief from the default would prejudice the opposing party; and [w]hether the defaulting party has a meritorious defense." 10 James W. Moore, Moore's Federal Practice – Civil, § 55.70[2][a] (3d ed. 2020) (reviewing comparable Fed. R. Civ. P. 55(c), which states "[t]he court may set aside an entry of default for good cause").

Here, the court did not find that defendant's conduct was willful or culpable, or that plaintiff would have been prejudiced had the judge granted defendant's motion to vacate default. Rather, the court focused on whether defendant demonstrated any meritorious defenses. We are satisfied that the court did not abuse its discretion in concluding that defendant failed to demonstrate a meritorious defense. We add that plaintiff properly served defendant in accordance with the Rules, contrary to defendant's contentions. See Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 426 (App. Div. 2003) (holding a service process that "indicates compliance with the pertinent service rule" is "prima facie evidence that service was proper" (citing Garley v. Waddington, 177 N.J. Super. 173, 180 (App. Div. 1981))).

The "showing of a meritorious defense is a traditional element necessary for setting aside both a default and a default judgment."  Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 4:43-3 (2020); see also O'Connor v. Altus, 67 N.J. 106, 128-29 (1975) (finding "good cause" under Rule 4:43-3 includes "the presence of a meritorious defense").  As with a motion to vacate a default judgment, there is no point in setting aside an entry of default if the defendant has no meritorious defense.  "The time of the courts, counsel[,] and litigants should not be taken up by such a futile proceeding."  Guillaume, 209 N.J. at 469 (quoting Schulwitz v. Shuster, 27 N.J. Super. 554, 561 (App. Div. 1953)).  We have noted that

> [t]his is especially so in a foreclosure case where the mere denominating of the matter as a contested case moves it from the expeditious disposition by the Office of Foreclosure in the Administrative Office of the Courts, R. 1:34-6 and R. 4:64-1(a), to a more protracted treatment by the Chancery Division providing discovery and raising other problems associated with trial calendars.  If there is no bona fide contest, a secured creditor should have prompt recourse to its collateral.
>
> [Trs. Loc. 478 Trucking & Allied Indus. Pension Fund v. Baron Holding Corp., 224 N.J. Super. 485, 489 (App. Div. 1988).]

A foreclosure action is "a quasi in rem procedure . . . to determine not only the right to foreclose, but also the amount due on the mortgage."  Assocs.

11

Home Equity Servs., Inc. v. Troup, 343 N.J. Super. 254, 272 (App. Div. 2001) (citations omitted). "The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993) (citations omitted). A party seeking to foreclose must demonstrate "execution, recording, and non-payment of the mortgage." Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). In addition, the foreclosing party must "own or control the underlying debt." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)).

Here, the record amply supports the motion court's determination that defendant was in default under the note and lacked a meritorious defense. There is no indication that defendant ever cancelled the note as required by the voluntary termination clause. Further, in James's fully compliant Rule 1:6-6 certification, she certified to personally reviewing plaintiff's books and records related to the note and attested to all elements necessary to establish the documents as admissible business records under N.J.R.E. 803(c)(6). James's

certification also confirmed that defendant never cured his default and plaintiff remained the holder of the note.

In addition, the partial payment history produced with defendant's certification evidenced that defendant continued to draw down the note's line of credit and the principal balance on the loan totaled $39,501.32 as of July 10, 2017. And, by defendant's own admission, he stopped making payments on the note in October 2017.

Moreover, defendant does not dispute that he properly executed a mortgage that was subsequently recorded. As the court found, defendant's payments to plaintiff since at least 2011 ratified it as the current holder of the note and defendant has not cited any evidence to the contrary. See Thermo Contracting Corp. v. Bank of N.J., 69 N.J. 352, 361 (1976) ("Ratification is the affirmance by a person of a prior act . . . whereby the act, as to some or all persons, is given effect as if originally authorized by him." (quoting Restatement (Second) of Agency § 82 (1957))).

We also reject defendant's challenge to the amount due. Rule 4:64-2(b) specifically delineates the required contents of the "affidavit of amount due" in support of an entry of final judgment, which "may be supported by computer-generated entries." Rule 4:64-2(c) requires the affiant to certify "that he or she

13

is authorized to make the affidavit on behalf of the plaintiff or the plaintiff's mortgage loan servicer;" "that the affidavit is made based on a personal review of business records of the plaintiff or the plaintiff's mortgage loan servicer, which records are maintained in the regular course of business;" "that the financial information contained in the affidavit is accurate;" and "that the default remains uncured." Any objections to the amount due must state "with specificity the basis of the dispute." R. 4:64-1(d)(3). Here, defendant's submission failed to comply with the specificity requirement. Contrariwise, James's certification fully satisfied the Rules and was corroborated by plaintiff's business records.

We find no merit in defendant's claim that he was not in default under the note because it was fully satisfied in 2004 by using a subsequent home equity line of credit. We disagree with these contentions because, as the motion court noted, defendant's note was not terminated after that transaction and plaintiff's business records indicate defendant continued to take advances under the note.

We are also not persuaded by defendant's argument that plaintiff failed to comply with pre-filing notice requirements. Before a party can initiate foreclosure on a residential mortgage, it is obligated under the FFA to "give a notice of intention, which shall include a notice of the right to cure the default." N.J.S.A. 2A:50-56(a). We are satisfied from our review of the record that

14

plaintiff complied with the FFA and the <u>Rules</u> with respect to service of the notice of intention and the complaint.

To the extent we have not addressed any of defendant's remaining arguments it is because we have determined that they are without sufficient merit to warrant discussion in a written opinion.  <u>See</u> <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1787-19T3