**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3446-19

BLITEI, LLC,

     Plaintiff-Respondent,

v.

JANET COVINGTON-HICKS,

     Defendant-Appellant.[1]

_____

Submitted October 4, 2021 – Decided October 14, 2021

Before Judges Sabatino and Natali.

On appeal from the Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. F-021299-18.

Law Offices of Sklar Smith-Sklar, LLC, attorneys for appellant (Keith D. Sklar, on the brief).

Goldenberg, Mackler, Sayegh, Mintz and Pfeffer,

---

[1] Numerous other parties were named as defendants in this tax foreclosure case. We do not list them here because they did not participate in the trial court proceedings or on the present appeal.

Bonchi & Gill, attorneys for respondent (Keith A. Bonchi, of counsel and on the brief; Elliott J. Almanza, on the brief).

PER CURIAM

Defendant Janet Covington-Hicks, a residential property owner, appeals the trial court's April 9, 2020 order denying her motion to vacate a final judgment entered in favor of plaintiff Blitei, LLC ("Blitei") in this tax foreclosure case. Defendant's essential argument is that she was not properly served with the foreclosure complaint and therefore she should be excused for not responding to the complaint or plaintiff's motion for default judgment.

We affirm, substantially for the sound reasons set forth in Judge Robert Lougy's written statement of reasons appended to his order.

The following background informs our decision. Defendant was the record owner of a residential property located at 314 Gardner Avenue in Trenton. Defendant bought the property in 2000 and lived there with her family. During the twelve years in which defendant owned the property, she failed to satisfy her local property tax obligations at least four times.

This foreclosure action concerns defendant's unpaid local property taxes for calendar year 2016. After the account became delinquent, the City of

A-3446-19

Trenton issued a tax sale certificate. The City then sold the certificate to a private party, which eventually assigned the certificate to Blitei.[2]

In September 2018, Blitei's assignor sent defendant a notice of intent to foreclose on her property, serving it by both regular and certified mail. Defendant took no action, and on October 23, 2018, the assignor filed a tax foreclosure complaint in the Chancery Division.

To confirm defendant's address, the process server: (1) reviewed the vesting deed to the property; (2) submitted a postal inquiry to the United States Postal Service ("USPS"); (3) ran a LexisNexis account search on defendant; (4) checked municipal tax records; and (5) reviewed the address that defendant had listed on her bankruptcy filings. All of the server's inquiries identified the Trenton address as the place where defendant resided. The USPS also reported that there was "[n]o change of address order on file."

The server made three attempts to serve the complaint personally at the Trenton address. The third attempt, which took place on November 7, 2018, was successful. According to his Affidavit of Service, the server left the complaint with an adult male at the Trenton address who identified himself as defendant's son. The affidavit states that "Kaywon Hicks" was served,

---

[2] Defendant has not alleged any impropriety in the assignment or chain of title.

describing him as a bearded, black-haired, black-skinned male between the ages of thirty-six to fifty. The server estimated that the son was between five feet, nine inches and six feet tall, and weighed over two hundred pounds.

In addition to personal service, plaintiff also conducted service through sending the summons and complaint simultaneously by regular and certified mail. Although the certified mail was not signed and returned, the Post Office did not report the regular mail's return.

After receiving no answer from defendant and entering a default on the docket, plaintiff moved for default and served the papers again by regular and certified mail.

Defendant did not file opposition and a default judgment of foreclosure was entered on September 16, 2019. Four days later, defendant attempted to convey the property to her son Dawoyne Covington for the nominal sum of one dollar. As the trial court correctly pointed out, this attempted conveyance was unsuccessful, since default judgment had already been entered and thus defendant no longer owned the property.

A-3446-19

In September 2019, Dawoyne Covington filed a motion to vacate the final judgment. His motion was denied on February 28, 2020 because of his lack of standing concerning the foreclosed premises.[3]

Represented by the same law firm as her son, defendant then filed a similar motion to vacate the final judgment, alleging lack of service upon her. In support of her motion, defendant submitted a certification asserting that she moved from New Jersey to Texas in November 2017. She certified she never received notice, nor did she have any knowledge of, any pending foreclosure action against her property.

In addition, defendant maintained that her son's name is "Dawoyne Covington," not "Kaywon Hicks," and that no one named "Kaywon Hicks" has resided at the Trenton address. Plaintiff countered that the person served was in fact defendant's son, but that the process server simply misheard the name and wrote it down incorrectly.

After hearing oral argument, the trial court denied defendant's motion to vacate the final judgment.

Defendant now appeals. She argues the judgment is void under Rule 4:50-1(d) for lack of valid service of process. She further argues plaintiff did not

---

[3] This order was not appealed.

A-3446-19

exercise due diligence in ascertaining her current address and that the trial court erred in finding that service of process was adequate.

Plaintiff responds that it satisfied its diligence requirement, and that service was proper. Further, plaintiff argues that even if defendant shows a basis to excuse her failure to respond timely to the complaint and the motion for default judgment, that the trial court's decision should be affirmed for her lack of a meritorious defense.

The applicable Rules of Court and legal standards are well established. "Generally, a decision to vacate a default judgment lies within the sound discretion of the trial court, guided by principles of equity." Coryell, L.L.C. v. Curry, 391 N.J. Super. 72, 79 (App. Div. 2006) (citing Hous. Auth. of Town of Morristown v. Little, 135 N.J. 274, 283 (1994)). "The decision to grant or deny a motion to vacate the entry of judgment 'will be left undisturbed unless it represents a clear abuse of discretion.'" Ibid. (quoting Little, 135 N.J. at 283).

Here, defendant contends she should be excused for failing to answer the complaint or respond to plaintiff's motion for default judgment because she allegedly was never served. This argument implicates the approved mechanisms for service under Rules 4:4-3 and 4:4-4. We concur with the trial court that proper service, both by personal means and by mail, was effectuated in this case.

6

Personal service in accordance with Rule 4:4-4(a)(1) was duly effectuated by the process server leaving a copy of the summons and complaint at defendant's apparent "usual place of abode" with a person who appeared to be a household member well over the age of fourteen and who identified himself as defendant's son. Defendant did not meet her burden of demonstrating that the Affidavit of Service was incorrect or materially deficient.

A server's filing of such an affidavit creates a "presumption that the facts recited therein are true." Garley v. Waddington, 177 N.J. Super. 173, 180 (App. Div. 1981). The moving party may overcome this presumption "only by clear and convincing evidence that the return is false." Id. at 181; accord Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 426 (App. Div. 2003) ("[i]n order for the sheriff's return to be established as false, clear and convincing evidence must be submitted[]"). No such "clear and convincing evidence" was advanced by defendant here. Her opposing certification does not explain why she did not file a change of address form with the post office to forward her mail after she allegedly moved to Texas. Nor does it explain why defendant continued to use the Trenton address on her bankruptcy filings.

Defendant claims that the name written down by the process server on his form is not the name of her son. The apparent phonetic similarity between

"Dawoyne Covington (Hicks)" and "Kaywon Hicks" is consistent with plaintiff's explanation that the server may have misheard or mis-transcribed the name of the person he encountered on the premises—who identified himself as defendant's son. Moreover, defendant has not certified that the server's description of "Kaywon" on the affidavit is contrary to her son's actual physical characteristics. Nor did defendant submit a certification by her son (who, notably, had recently been represented by the same law firm) denying that he had been served with process at the Trenton premises.

In this case, the record indicates plaintiff reasonably relied on numerous sources that consistently reflected her residency at the Trenton address. The internet search presented by defendant's attorney reflecting that she has had addresses in Texas, New Jersey, and other states is not "clear and convincing" proof that she was not continuing to maintain the Trenton address as a residence.

The trial court also correctly found that service by mail was properly accomplished in this case. After an unsuccessful yet "reasonable and good faith attempt" to serve a defendant, a plaintiff may effect service by "mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant[.]" R. 4:4-3(a). If the mailing is properly addressed, stamped, and posted without return, there is a

8

presumption that it was received by the intended recipient. See SSI Med. Servs. v. HHS, Div. of Med. Assistance & Health Servs., 146 N.J. 614, 621 (1996). Defendant failed to overcome that presumption in this case. Although she did not acknowledge various certified mailings sent to her at the Trenton address, the companion regular mailings were never returned as undeliverable. Apart from her certification, defendant failed to offer any other corroborating proof "'that the notice was never in fact received[]'" to rebut the presumption of effective mailed service. Id. at 625. In addition, defendant's unexplained failure to provide the Post Office with a forwarding address should not enable her to overcome the presumption of effective mailed service.

Because defendant has failed to show the judgment was void for lack of valid service, we need not reach whether she also has failed to present a meritorious defense to the tax foreclosure action. See Jameson, 363 N.J. Super. at 425 (noting that if a defendant establishes defective service, a meritorious defense is not needed to vacate the judgment under R. 4:50-1(d)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3446-19