**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0340-20

ATHENE ANNUITY & LIFE
ASSURANCE COMPANY,

    Plaintiff-Respondent,

v.

SERGIO HENRIQUES CUNHA,
PAWNEE LEASING
CORPORATION, and
MIDLAND FUNDING, LLC,

    Defendants,

and

SONIA GONCALVES
CARVALHO-CUNHA,

    Defendant-Appellant.

_____

Submitted September 29, 2021 – Decided October 18, 2021

Before Judges Whipple, Geiger and Susswein.

On appeal from the Superior Court of New Jersey, Chancery Division, Union County, Docket No. F-003789-19.

Sonia Goncalves Carvalho-Cunha, appellant pro se.

Zeichner Ellman & Krause, LLP, attorneys for respondent (Kerry A. Duffy and BJ Finneran, on the brief).

PER CURIAM

Defendant Sonia Goncalves Carvalho-Cunha (Sonia)[1] appeals from an August 7, 2020 Chancery Division order denying defendants' motion to vacate the final judgment entered in this residential mortgage foreclosure action.

We briefly recount the pertinent underlying facts. On May 6, 2008, defendant Sergio Henriques Cunha executed a note in favor of CitiMortgage, Inc. for $348,750, secured by a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for CitiMortgage, Inc., its successors and assigns, on residential property located in Union (the property).

The mortgage was assigned multiple times, with each assignment recorded in the Union County Clerk's Office. On September 15, 2010 MERS assigned the mortgage to CitiMortgage, Inc. On June 10, 2011, CitiMortgage assigned the mortgage to NationStar Mortgage, LLC. On October 1, 2012, the note and

---

[1] Because defendant Sonia Goncalves Carvalho-Cunha shares the same surname with her husband, defendant Sergio Henriques Cunha, we will refer to her by her first name in this opinion to avoid confusion. We intend no disrespect by doing so. We refer to them collectively as defendants.

mortgage were modified by a Loan Modification Agreement that increased the principal balance to $483,132.63, which was also recorded.

On October 11, 2017, NationStar assigned the mortgage to Federal National Mortgage Association (FNMA). That same day, FNMA assigned the mortgage to plaintiff Athene Annuity & Life Assurance Company (Athene).

Defendants defaulted on the loan installment due on January 1, 2018, and all payments thereafter. On June 7, 2018, Athene, through Select Portfolio Servicing, Inc., served defendants with a Notice of Intention to Foreclose (NOI) by certified mail addressed to defendants' address.

On December 12, 2018, Athene assigned the mortgage to AADE RML, LLC (AADE). On February 25, 2019, AADE filed this foreclosure action. In May 2019, AADE applied for the entry of default against all defendants. On June 21, 2019, AADE assigned the mortgage back to Athene. In October 2019, Athene was substituted as plaintiff by court order.

On October 18, 2019, Athene filed a motion for final judgment. Defendants did not oppose the motion. On November 14, 2019, final judgment was entered against defendants. In January 2020, Athene served the notice of the Sheriff's sale on defendants by certified and regular mail.

3

On July 7, 2020, defendants filed a motion to vacate the final judgment. On August 7, 2020, Judge Joseph P. Perfilio issued an order and accompanying written statement of reasons denying the motion. This appeal followed.

Appellant raises the following point for our consideration:

> THE APPELLATE DIVISION MUST DECIDE WHETHER [THE] TRIAL [COURT] ERRED OR THE COURT'S DETERMINATION WAS AN ABUSE OF DISCRETION[] IN DENYING DEFENDANT[S'] RIGHTS UPON [HER] MOTION TO VACATE A JUDGMENT SEEKING RELIEF PURSUANT TO RULE 4:50-1(f), WHERE DEFENDANT['S] WRITTEN ARGUMENTS PRESENTED FACT[S] OF RECORD TO JUSTIFY VACATING THE FINAL JUDGMENT UNDER . . . RULE 4:50-1(a), (d)[,] INCLUDING SUBSECTION (f).

Sonia first argues that service of the NOI did not comply with the Fair Foreclosure Act, N.J.S.A. 2A:50-53 to -68, and service of the summons and complaint were improper under Rules 4:4-4(a) and 4:4-5(b). Second, Sonia argues that Athene did not have standing to foreclose because it was not the original holder of the note and mortgage, nor can it show a valid chain of title establishing that it was the final controller of the note.

We find no merit in Sonia's arguments and affirm substantially for the reasons expressed by Judge Perfilio in his comprehensive and thoughtful written statement of reasons. We add the following comments.

4

We review the denial of a motion to vacate default judgment for abuse of discretion. Deutsche Bank Nat'l Trust Co. v. Russo, 429 N.J. Super. 91, 98 (App. Div. 2012), citing U.S. Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). See also U.S. Bank Nat'l Ass'n v. Curico, 444 N.J. Super. 94, 105 (App. Div. 2016) ("The decision whether to grant such a motion is left to the sound discretion of the trial court."). The trial court's decision is afforded "substantial deference" and the abuse of discretion must be clear to warrant reversal. Russo, 429 N.J. Super at 98 (citing DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009)). An abuse of discretion occurs when a decision is made "without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

N.J.S.A. 2A:50-56 requires a mortgage lender to provide written notice to the residential debtor of its intention to commence a foreclosure action, including notice of the right to cure the default, "at least 30 days, but not more than 180 days, in advance of such action . . . ." Where the NOI does not comply with the act, a trial court "may dismiss the action without prejudice, order the service of a corrected notice, or impose another remedy appropriate to the circumstances of the case." Guillaume, 209 N.J. at 476.

A-0340-20

Rule 4:4-4(a)(1) permits service of process "by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over . . . residing therein . . . ." Where there has been "a substantial deviation from service of process rules . . . casting reasonable doubt on proper notice" this will generally render a default judgment void under the meaning of Rule 4:50-1(d). Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425 (App. Div. 2003). "If defective service renders the judgment void, a meritorious defense is not required to vacate the judgment under [Rule] 4:50-1(d)." Ibid.

A return of service consistent with Rule 4:4-4(a) "raises a presumption that the facts recited therein are true." Resol. Trust Corp. v. Associated Gulf Contractors, Inc., 263 N.J. Super. 332, 343 (App. Div. 1993) (quoting Garley v. Waddington, 177 N.J. Super. 173, 180 (App. Div. 1981)); see also Jameson, 363 N.J. Super. at 426-27 (same). The presumption can be rebutted with clear and convincing evidence that the return is false. Resol. Trust Corp., 263 N.J. Super at 344. Where there is "evidence 'tending to disprove' the presumed fact, the presumption disappears." Jameson, 363 N.J. Super at 427 (quoting Ahn v. Kim, 145 N.J. 423, 439 (1996)). However, uncorroborated testimony from the

A-0340-20

defendants alone is not enough to rebut the presumption. Ibid. (citing Garley, 177 N.J. Super. at 181).

Judge Perfilio found that Athene complied with N.J.S.A. 2A:50-53 by properly serving the NOI on defendants. He also found that defendants were properly served with the summons and complaint. The record fully supports those findings.

The address used for service of the NOI, summons and complaint, the entry of default, and motions on Sonia and her husband matches the address listed on the note and mortgage. Athene provided affidavits of personal service of the complaint and summons on both Sonia and her husband. Athene also provided certificates of service of the entry of default and UPS tracking information for service of the notice of motion for final judgment. There is no evidence that Sonia or her husband changed their address at any time during litigation.

Judge Perfilio found "no real discrepancy with the descriptions in the Affidavits of Service [of the NOI]" compared to defendants' drivers licenses, and that there was sufficient tracking information demonstrating that the notice to enter default and notice to enter final judgment were also served on defendants. The minor difference in the descriptions set forth in the affidavits

7

of service compared to defendants' licenses is not clear and convincing evidence that defendants were not properly served.

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Inv. Bank v. Torres, 457 N.J. Super. 53, 65 (App. Div. 2018) (quoting Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994)). The record demonstrates that a series of recorded assignments of the mortgage established a clear chain of title to Athene, which clearly had standing to foreclose.

Under Rule 4:50-1(a), "[a] defendant seeking to set aside a default judgment must establish that his failure to answer was due to excusable neglect and that he has a meritorious defense." Russo, 429 N.J. Super. at 98 (citing Goldhaber v. Kohlenberg, 395 N.J. Super. 380, 391 (App. Div. 2007)). Excusable neglect may be found if a party's default was due to "an honest mistake that is compatible with due diligence or reasonable prudence." Ibid. (citing Guillaume, 209 N.J. at 468). Sonia has not shown that she has a meritorious defense.

"A Rule 4:50-1(d) motion, based on a claim that a judgment is void, does not require a showing of excusable neglect but must be filed within a reasonable

time after entry of the judgment." Russo, 429 N.J. Super. at 98. See also R. 4:50-2 (same). A reasonable time can be less than a year and must be determined on a case-by-case basis. Orner v. Liu, 419 N.J. Super. 431, 437-38 (App. Div. 2011). When there is a long delay in filing, New Jersey courts will hold that the motion to vacate was not filed within a reasonable time. See id. at 433 (364-day delay in filing motion to vacate was unreasonable); Jackson Constr. Co. v. Ocean, 3 N.J. Tax 296, 310 (Tax Ct. 1981) (waiting seven months to move to vacate the judgment found unreasonable). Similarly, Federal Rule of Civil Procedure 60(b), which is essentially identical to Rules 4:50-1 and -2, has been interpreted as requiring the motion to be filed with a reasonable time, with delays of less than one year being held unreasonable.[2] See, e.g., McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir. 1991) (three-and-one-half-month delay); Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 610-12 (7th Cir. 1986) (approximately four-month delay); Security Mut. Cas. Co. v. Century Cas. Co., 621 F.2d 1062, 1068 (10th Cir. 1980) (three-month delay). Here, defendants did not move to vacate the judgment within a reasonable time. They inexplicably waited more than seven months to do so.

---

[2] We often look to federal decisions when interpreting our own similar court rules. Orner, 419 N.J. Super. at 438 n.9.

A-0340-20

Moreover, under certain circumstances, "equitable considerations may justify a court in rejecting a foreclosure defendant's belated attempt to raise as a defense plaintiff's lack of standing . . . ." Russo, 429 N.J. Super. at 99-100. An unexcused, lengthy delay in asserting the defense of lack of standing post-judgment, coupled with Athene's legal right to enforce the note at the time final judgment was entered, "would not constitute a meritorious defense to the foreclosure complaint." Id. at 101. That is precisely what occurred in this matter. The judgment is not "void" within the meaning of Rule 4:50-1(d). Ibid.

Lastly, Rule 4:50-1(f) permits the vacating of a judgment "any other reason justifying relief from the operation of the judgment or order." Due to the importance attached to the finality of judgments, to sustain a motion under Rule 4:50-1(f) the movant must show that extraordinary conditions existed warranting a vacation of judgment. Guillaume, 209 N.J. at 484. "[R]elief under subsection (f) is available only when 'truly exceptional circumstances are present.'" In re Guardianship of J.N.H., 172 N.J. 440, 473 (2002) (quoting Housing Auth. v. Little, 135 N.J. 274, 283 (1994)). Sonia has not demonstrated any extraordinary circumstances that would justify relief from the final judgment under Rule 4:50-1(f).

For these reasons, we discern no abuse of discretion by the trial court. Defendants' motion to vacate the final judgment was properly denied.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0340-20